IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| CARLIC DARNELL BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09cr212 |
| | ) | 1:16CV737 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Carlic Darnell Brown's ("Petitioner" or "Brown") Section 2255 Motion to Vacate or Set Aside Criminal Judgment. [Dkt. 77.] For the reasons set forth below, the Court will deny Petitioner's motion.

**I. Background**

On June 3, 2009, Brown pled guilty to two counts of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c). *See* Plea Agreement [Dkt. 25]. The underlying "crime of violence" involved interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Hobbs Act robbery). Pet. Mot. at 2. On August 28, 2009, this Court sentenced Brown to 384 months, followed by a five-year term of supervised release. [Dkt. 56.] Brown did not appeal his

1

conviction. His sentence was later reduced to 200 months pursuant to a Rule 35(b) motion. [Dkt. 70.]

On June 28, 2016, Brown petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Dkt. 77] in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review). The next day, Brown filed a Motion to Allow Late Filing [Dkt. 78], which the Court granted [Dkt. 80]. On May 8, 2017, the Government filed a motion to dismiss the § 2255 petition. [Dkt. 95.] Brown replied on May 15, 2017. [Dkt. 82.] This § 2255 petition is now ripe for disposition.

**II. Analysis**

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). The petitioner bears the burden of proof by a

preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of limitations); *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

In its motion to dismiss, the Government argues that Brown's § 2255 petition is untimely. Initially, the Government argues that Petitioner's motion was filed more than one year from the date on which the judgment of conviction became final. Mot.

3

to Dismiss [Dkt. 95] at 3.  The Court entered judgment in this case on August 28, 2009.  [Dkt. 56.]  Because Petitioner did not appeal his conviction, it became final on August 28, 2010.  Petitioner did not file the instant petition until June 28, 2016.  [Dkt. 77.]  Thus, the petition is untimely under § 2255(f)(1), as it was filed nearly six years after Petitioner's conviction became final.

The Government also argues that Petitioner's motion should not be considered timely under § 2255(f)(3), as the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to Petitioner's case.  The United States Supreme Court issued its decision in *Johnson*, striking the Residual Clause of the ACCA as unconstitutionally vague, on June 26, 2015.  135 S. Ct. at 2563.  Less than a year later, the Supreme Court made clear in *Welch* that the ruling in *Johnson* applies retroactively.  136 S. Ct. at 1268.  Petitioner had one year from the date of *Johnson* to file a § 2255 petition: June 27, 2016.[1]  Although Petitioner failed to meet the filing deadline [Dkt. 77], the Court granted him permission to file one day late [Dkt. 80].  Even with the Court's permission for this late filing, however, the Government is nevertheless correct that his petition is untimely, as the newly recognized right in *Johnson* does not apply to Petitioner's case.

---

[1] One year from the date of *Johnson* occurred on June 26, 2016.  However, because June 26th fell on a Sunday, the deadline for Petitioner's motion was extended to June 27, 2016.  *See* Fed. R. Civ. Pro. 6(a)(1)(C); Fed. R. Crim. Pro. 45(a)(1)(C).

4

"[A] case announces a new rule when it breaks new ground or imposes a new obligation" on the government. *Teague v. Lane*, 489 U.S. 288, 301 (1989) (internal citations omitted). "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (internal citations omitted). A holding is only dictated by existing precedent if it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527–528 (1997). *Johnson*'s application to § 924(c)(3)(B) is not apparent here.

The majority of circuits to address whether *Johnson* invalidates § 924(c)(3)(B) thus far have rejected Petitioner's arguments. *See United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016) (per curiam) (on rehearing) (holding that § 924(c) does not encompass risks after the offense elements are satisfied, does not include the confusing list of enumerated offenses present in the ACCA, and does not have the ACCA's "fraught" history of interpretive failures that caused confusion and disagreement among federal courts); *United States v. Hill*, 832 F.3d 135, 147 (2d Cir. 2016) (holding that *Johnson* is inapplicable to the residual clause of § 924 because "Section 924(c)(3)(B) does not involve the double-layered uncertainty present in *Johnson*"); *United States v. Taylor*, 814 F. 3d 340, 375-79 (6th Cir. 2016) (holding that *Johnson* did not render the residual clause of § 924(c)

5

unconstitutionally vague because that clause "is considerably narrower than the statute invalidated . . . in *Johnson*, and because much of *Johnson's* analysis does not apply to [the residual clause of § 924(c)]"). *But see United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

Moreover, the Fourth Circuit, sitting *en banc*, held that, on direct appeal, a defendant failed to show that it is "plain" that *Johnson* invalidates § 924(c)(3)(B). *United States v. Graham*, 2016 WL 3068018, at *1 n.1 (4th Cir. May 31, 2016). In addition, the Fourth Circuit declined to address the constitutionality of § 924(c)(3)(B), noting that the United States Supreme Court had no occasion to review that provision when deciding *Johnson*. *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015).

For a motion filed pursuant to § 2255(f)(3), "the Supreme Court itself must recognize the specific substantive right at issue."[2] *United States v. Kerney*, 2016 WL 6093486, at *2 (E.D. Va. Oct. 18, 2016). Section 2255(f)(3) "does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review."

---

[2] This same proposition applies to Petitioner's additional Section 2255 arguments, in which he claims that several circuit courts have already invalidated 18 U.S.C. § 16(b), which has identical language to § 924(c), post-*Johnson* and, thus, § 924(c) should likewise be invalidated. Pet. Mot. at 14-17. The Supreme Court has not yet invalidated $ 16(b), however.

*Kerney*, 2016 WL 6093486, at *1 (citing *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012) (internal quotations omitted)). This Court declines to read between the lines of *Johnson* today to invalidate 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague.

Because the new rule announced in *Johnson* does not yet apply to Petitioner's case, § 2255(f)(3) does not apply either. Thus, the Court will deny Petitioner's § 2255 motion as untimely.

### III. Conclusion

For the foregoing reasons, the Court will deny Petitioner Carlic Darnell Brown's petition to vacate, set aside, or correct his sentence as untimely. The Court will also deny Petitioner's request for a stay pending the Fourth Circuit's ruling in *United States v. Walker*, which addresses whether *Johnson* applies to § 924(c). Such a decision would not help Petitioner's case, as the Supreme Court itself—not the Fourth Circuit—must recognize the right at issue in order for Petitioner's § 2255 motion to be timely.

An appropriate order shall issue.

|  | /s/ |
|---|---|
| May 17, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

7